UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MATTHEW M. CARSON,

                              Petitioner,

                                                   Case # 16-CV-688-FPG

v.

                                                   DECISION AND ORDER

SUPERINTENDENT OF THE ELMIRA
CORRECTIONAL FACILITY,

                              Respondent.

## INTRODUCTION

*Pro se* petitioner Matthew M. Carson ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  On January 17, 2017, Petitioner moved for an extension of time to reply to the Superintendent of the Elmira Correctional Facility's ("Respondent") response to his petition and to hold his petition in abeyance while he pursues exhaustion proceedings in state court.  ECF No. 11.  On February 3, 2017, the Court granted Petitioner's motion for an extension of time to file his reply and denied his motion to hold the petition in abeyance.  ECF No. 14.

On February 10, 2017, the Court received a letter from Petitioner in reply to Respondent's opposition to his request for a stay, even though Petitioner never indicated that he intended to serve such a reply.[1]  ECF No. 15.  On February 15, 2017, Petitioner moved for reconsideration of the Court's decision denying his request for a stay and abeyance.  ECF No. 16.  For the reasons that follow, Petitioner's motion for reconsideration is DENIED.

---

[1]      The Local Rules of Civil Procedure for the Western District of New York specify that "[a] moving party who intends to file and serve reply papers must so state in the notice of motion."  Local R. Civ. P. 7(a)(1).

## DISCUSSION

Motions for reconsideration are governed by Local Rule of Civil Procedure 7(d)(3) and Federal Rules of Civil Procedure 59(e) and 60(b).  The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).  "A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Analytical Surveys*, 684 F.3d at 52 (citation omitted).  Accordingly, on a motion for reconsideration, a party may not merely offer the same "arguments already briefed, considered and decided" or "advance new facts, issues or arguments not previously presented to the Court."  *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990).  The decision to grant or deny a motion for reconsideration is committed to "the sound discretion of the district court."  *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

Here, Petitioner does not identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth*, 729 F.3d at 104.  Instead, Petitioner attempts to reargue his previous position that the Court should grant him a stay and abeyance so that he may return to state court to make an ineffective assistance of counsel claim based on trial counsel's failure to object to the

composition of a photo array.  ECF No. 16; ECF No. 11, at ¶¶ 11, 12.  As explained in the Court's February 3, 2017 decision, Petitioner did not demonstrate "good cause" for failing to exhaust this claim and thus the Court would abuse its discretion if it granted a stay.  *Rhines v. Weber*, 544 U.S. 269, 278 (2005) (finding that a stay and abeyance to allow a petitioner to exhaust his unexhausted claims may be appropriate where (1) the petitioner had good cause for his failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics); *Benton v. LaClair*, No. 6:14-CV-06012 MAT, 2015 WL 1003847, at *5 (W.D.N.Y. Mar. 5, 2015) ("Petitioner cannot show good cause for his failure to exhaust his claim earlier, and absent such cause, the Court would abuse its discretion in granting a stay.").

Moreover, the Court implicitly found that this claim was not "potentially meritorious" when it found that, even if Petitioner had attempted to show good cause, a stay would be futile because his claim must have been raised on direct appeal pursuant to N.Y. Crim. Proc. Law § 440.10(2)(c).  A state trial court considering Petitioner's proposed Section 440.10 motion would be mandated to deny his claim.  *See generally Sweet v. Bennett*, 353 F.3d 135, 139-140 (2d Cir. 2003).  Federal habeas courts cannot review the merits of procedurally defaulted claims, unless the petitioner shows cause and prejudice to excuse the default or that he is actually innocent, none of which Petitioner has attempted to show.  *See Mills v. Girdich*, 614 F. Supp. 2d 365, 380 (W.D.N.Y. 2009) ("[T]he claims are subject to an unexcused procedural default under the adequate-and-independent state ground doctrine.  Therefore, they are precluded from further federal habeas review.  Because this Court may not review the merits of procedurally defaulted claims, they cannot serve as 'potentially meritorious' bases for habeas relief.").

Aside from the ineffective assistance of counsel claim, Petitioner's motion for reconsideration mentions other "SAB claims." ECF No. 16, at 1. To the extent that Petitioner is implying an ineffective assistance of appellate counsel claim based on trial counsel's failure to object to the composition of the photo array, such a claim would not be procedurally defaulted because it could be raised on a motion for a writ of error *coram nobis* in the Appellate Division, and there are no procedural rules akin to Section 440.10(2)(c) that would prevent the Appellate Division from considering it on the merits. Even so, there is no good cause alleged in Petitioner's original stay motion or his motion for reconsideration with respect to this claim. If there is no good cause alleged or shown, the Court abuses its discretion in granting a stay, regardless of whether the claims are potentially meritorious. *See Rhines*, 544 U.S. at 277 ("Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is *only* appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.") (emphasis added). Petitioner cannot demonstrate good cause for failing to institute a motion for a writ of error *coram nobis* sooner, because he was on notice of appellate counsel's purported ineffectiveness when he received a copy of the appellate brief.

## CONCLUSION

For the reasons stated, Petitioner's motion for reconsideration (ECF No. 16) is DENIED.

IT IS SO ORDERED.

Dated: February 27, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

4