UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MATTHEW M. CARSON,

                                        Petitioner,

                                        Case # 16-CV-688-FPG

v.

                                        DECISION AND ORDER

SUPERINTENDENT OF THE ELMIRA
CORRECTIONAL FACILITY,

                                        Respondent.
_____

## INTRODUCTION

*Pro se* petitioner Matthew M. Carson ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On March 20, 2017, Petitioner moved to recuse the Court from this case or, alternatively, (1) for an extension of time to reply to Respondent's answer; (2) for an evidentiary hearing; and (3) for the appointment of counsel.

For the reasons that follow, Petitioner's motion for recusal is DENIED and he now has until June 9, 2017 to file his reply. Petitioner's motions for an evidentiary hearing and the appointment of counsel are DENIED WITHOUT PREJUDICE.

## DISCUSSION

**I.    Recusal**

Petitioner has moved to recuse the Court pursuant to 28 U.S.C. §§ 144, 455(a). ECF No. 18, at 2-17. Petitioner seeks recusal based on the Court's former service as a Monroe County Assistant District Attorney and Monroe County Court Judge and argues that the Court was then associated or acquainted with the judge who presided over his State Court action. Because the

Court had no involvement in Petitioner's State Court action and because there is no reasonable basis to question the Court's impartiality in this matter, the recusal motion is DENIED.

## II.     Evidentiary Hearing

Petitioner also requests an evidentiary hearing "to expand the record with material relevant and dispositive to the issue of identification, actual innocence, and ineffective assistance of counsel." ECF No. 18, at 19. The Court concludes that such a hearing is premature at this time, as the petition for a writ of habeas corpus has not been fully briefed, and therefore DENIES this request without prejudice. After the Court reviews Petitioner's reply brief, it will notify the parties if it finds that a hearing is necessary.

## III.    Appointment of Counsel

Finally, Petitioner requests that the Court appoint him counsel. ECF No. 18, at 19-22. Prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions, *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987). However, the Court may appoint counsel in the interests of justice to any person seeking relief pursuant to 28 U.S.C. § 2254 who is financially unable to obtain representation. 28 U.S.C. § 2254(h). The Court considers several factors in determining whether to assign counsel, including whether the indigent's claims seem likely to be of substance; whether the indigent is able to investigate the facts concerning his claim; whether the legal issues are complex; and whether there are special reasons why the appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986). The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.,* 877 F.2d 170, 172 (2d Cir. 1989).

Petitioner has not provided the Court with any information suggesting that the interests of justice require the appointment of counsel at this time. Petitioner adequately articulated his claims to the Court throughout the various letters and motions he has filed. Accordingly, Petitioner's motion for appointment of counsel is DENIED WITHOUT PREJUDICE.

## CONCLUSION

For the reasons stated, Petitioner's recusal motion is DENIED, and his requests for an evidentiary hearing and the appointment of counsel are DENIED WITHOUT PREJUDICE. Petitioner has until June 9, 2017 to file a reply to Respondent's answer.

IT IS SO ORDERED.

Dated: May 8, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court